DANIEL W. BALLESTEROS (SBN 142003)
dwb@hogefenton.com
PATRICK N. LUNDELL (SBN 273506)
pnl@hogefenton.com
HOGE, FENTON, JONES & APPEL, INC.
Sixty South Market Street, Suite 1400
San Jose, California 95113-2396
Phone: (408) 287-9501
Fax: (408) 287-2583

Attorneys for Plaintiff
MIL-SPEC MONKEY, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

FOR DISTRICT-WIDE ASSIGNMENT

| | |
|---|---|
| MIL-SPEC MONKEY, INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>ACTIVISION BLIZZARD, INC. a Delaware Corporation, ACTIVISION PUBLISHING, INC., a Delaware corporation, and DOES 1 – 25, inclusive<br><br>Defendants. | Case No. _____<br><br>**COMPLAINT FOR:**<br><br>**I. COPYRIGHT INFRINGEMENT**<br><br>**II. TRADEMARK INFRINGEMENT**<br><br>**III. FALSE DESIGNATION OF ORIGIN**<br><br>**IV. UNFAIR COMPETITION**<br><br>**V. COMMON LAW TRADEMARK INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff MIL-SPEC MONKEY, INC. ("MSM"), by and through its attorneys, alleges as follows:

**NATURE OF THE ACTION**

1. This action rises from the unauthorized use and misappropriation of certain designs and marks belonging to Plaintiff MSM by defendants ACTIVISION PUBLISHING, INC. ("Activision") and ACTIVISION BLIZZARD, INC. ("Activision Blizzard") and DOES 1-25, inclusive (collectively, "Defendants"), in violation of the Copyright Act of 1976, 17 U.S.C. §§ 101, *et seq.*, (the "Copyright Act"), Lanham (Trademark) Act of 1946, 15 U.S.C. §§ 1051, *et seq.* (the "Lanham Act"), California Business and Professions Code §§ 17200,

1  *et seq.*, and the common law of the State of California.

## PARTIES

2.  Plaintiff MSM is a corporation organized and existing under the laws of the State of California, with a principal place of business in San Jose, Santa Clara County, California.

3.  Upon information and belief, Defendant Activision is a corporation organized and existing under the laws of the State of Delaware, with a principal place of business in Santa Monica, Los Angeles County, California.

4.  Upon information and belief, Defendant Activision Blizzard is a corporation organized and existing under the laws of the State of Delaware, with a principal place of business in Santa Monica, Los Angeles County, California.

5.  Upon information and belief, Defendant Activision is, and at all times relevant herein has been, a wholly-owned subsidiary of Defendant Activision Blizzard.

6.  MSM is unaware of the true names and capacities of DOES 1 through 10, inclusive, and therefore sues said defendants by such fictitious names. MSM will ask leave of Court to amend this Complaint to state the true names and capacities of the defendants sued as DOES when the same are ascertained. MSM is informed and believes, and based thereon alleges that each of the fictitiously named defendants are responsible in some manner for the occurrences herein alleged, and that MSM's damages, as herein alleged, were proximately caused by their conduct.

7.  At all material times herein, each defendant was the agent, servant, and employee of their co-defendants, and in doing things herein alleged were acting in the scope of their authority as such agents, servants, and employees, and with the permission and consent of their co-defendants.

## JURISDICTION

8.  This court has jurisdiction over the subject matter of Counts I, II, and III of this action under 28 U.S.C. §§ 1331 and 1338(a) because each arises under either the Copyright Act or the Lanham Act, each an act of the Congress of the United States.

9. This court has jurisdiction over the subject matter of Count IV pursuant to 28 U.S.C. § 1338(b), in that it asserts a claim of unfair competition and has been joined with substantial and related claims under the Lanham Act.

10. This court has jurisdiction over the subject matter of Counts IV, V and VI pursuant to 28 U.S.C. § 1367(a) because each is so related to other claims in this action asserted under the Lanham Act or the Copyright Act, that each forms part of the same case or controversy.

11. Defendant Activision is subject to personal jurisdiction in this judicial district because it is doing business in this district and the alleged acts of infringement occurred in this judicial district.

## VENUE

12. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b) and (c) because the events giving rise to this action occurred in this judicial district, namely Defendants have, among other acts, marketed, sold and provided in this judicial district goods and services featuring infringing copies of MSM's copyrighted designs and used marks that are confusingly similar to MSM's and otherwise engaged in acts of unfair competition in this judicial district.

## INTRADISTRICT ASSIGNMENT

13. This action may be assigned on a district-wide basis within this judicial district, pursuant to this Court's Civil Local Rule 3-2(c), because this action concerns claims of infringement of intellectual property rights held by MSM.

## FACTUAL BACKGROUND

### MSM'S ANGRY MONKEY DESIGN AND MARK

14. MSM is a well-known provider of "morale" patches, and other related garments bearing its original designs and marks. Generally speaking, morale patches includes any wearable patch that military personnel are not authorized, or are strictly prohibited from wearing. Nonetheless, morale patches are popular among military personnel and are often worn in unofficial contexts to allow the wearer to express a sense

1  of personal sense of identity.

2  15. Among MSM's most well-known designs is the following "Angry Monkey"
3  which is featured on one of MSM's most popular morale patches (the "<u>Angry Monkey</u>
4  <u>Design</u>"):



8  16. The Angry Monkey Design is an original, artistic work created by MSM
9  President Clayton Montgomery and has been assigned, along with all copyrights therein, to
10 MSM. Accordingly, MSM holds the exclusive rights to reproduce, to prepare derivative
11 works from, and to distribute its Angry Monkey Design.

12 17. Since at least 2007, MSM has sold morale patches through its website and
13 online store, including a wide range of patches bearing derivative versions of MSM's
14 original Angry Monkey Design. MSM's website and online store currently advertises and
15 offers for sale the following patches bearing derivative versions of MSM's original Angry
16 Monkey Design:



28 18. At considerable expense and effort, MSM has extensively promoted its goods

and services, including its morale patches, through its website and its online store, at tradeshows and through the widespread distribution of printed and electronic promotional materials bearing its Angry Monkey Design and derivative versions thereof, including the following (the "Angry Monkey Mark"):



19. In light of its extensive, continuous and exclusive use of its Angry Monkey Mark, together with the substantial consumer recognition and goodwill engendered thereby, MSM has established exclusive rights in its Angry Monkey Mark as a trademark and service mark for its goods and services.

20. To ensure the protection of its rights, and to give notice to potential infringers of such rights, MSM has registered its Angry Monkey Mark with the United States Patent & Trademark Office ("USPTO") for use in connection with specific services, namely, its "[o]n-line retailer store featuring clothing, namely, patches, t-shirts, hats, bags and pouches and tactical gear."

## DEFENDANTS' INFRINGEMENT OF
## MSM'S RIGHTS IN ITS ANGRY MONKEY DESIGN AND MARK

21. On information and belief, Defendants have published and currently publish the *Call of Duty* series of video games, including the tenth installment in that series titled *Call of Duty: Ghosts* ("CoD:Ghosts").

22. On information and belief, on or about November 5, 2013, Defendants released versions of the CoD:Ghosts video game in the United States for the PlayStation 3, Xbox 360, and Wii U video game consoles, and for Microsoft Windows personal computers.

23. Defendants' CoD:Ghosts video game is a first-person military combat simulation that includes two primary game modes: (i) a single-player campaign featuring an elaborate, playable storyline ("Single-Player Mode"), and (ii) an online, highly-

customizable, multi-player game mode ("Online Multi-Player Mode").  CoD:Ghosts' Single-Player Mode involves the story of a fictitious, clandestine U.S. military unit, "The Ghosts," that spans more than a decade, starting in the year 2017.  CoD:Ghosts' Online Multi-Player Mode features no such storyline or plot and, instead, allows players to compete against each other in various online arenas, or "maps."

24. On information and belief, CoD:Ghosts' Online Multi-Player Mode was substantially revised from prior installments in Defendants' *Call of Duty* series of video games, and is the first installment in the series which allows players to customize their in-game avatars in many ways, including by selecting the clothing and patches that appear on their avatars during gameplay.

25. On information and belief, the ability to create one's own player identity by selecting attributes, including clothing and patches for player avatars factors into consumer decisions over whether to purchase the CoD:Ghosts video game and related goods and services, including additional in-game content, "downloadable content" or "DLC" packs published and distributed by Defendants.

26. On information and belief, through the "Customize Appearance" menu in CoD:Ghosts' Online Multi-Player Mode, each player is allowed to choose certain attributes for his or her avatar from among a limited range of options, including the "patch" that appears on the avatar's uniform and in the "heads-up displays" of other players when encountered during Online Multi-Player Mode.

27. On information and belief, each player of CoD:Ghosts is initially given the option of selecting a patch from among "Standard Issue Patches," including the following (the "CoD Angry Monkey Design"), as depicted in Online Multi-Player Mode gameplay:



28. On information and belief, Defendants assigned particular prominence and importance to the CoD Angry Monkey Design, in that it was chosen by Defendants as one

of only 16 "Standard Issue Patches" initially available to every consumer that purchases a copy of CoD:Ghosts.

29.  According to an annual report filed with the U.S. Securities and Exchange Commission by Activision Blizzard, "in the fourth quarter of 2013, in North America and Europe combined, [CoD:Ghosts] was the #1 best-selling game title overall and #1 best-selling game on the next-generation PS4 and Xbox One console platforms."

30.  On information and belief, on or about August 14, 2013, Activision published a video titled "*Official Call of Duty: Ghosts Multiplayer Reveal Trailer*" through the website YouTube.com ("CoD:Ghosts Promotional Video").  At or around the 48 second mark of the CoD:Ghosts Promotional Video, Activision invites consumers to "Build Your Own Squad" and, immediately thereafter, shows the CoD Angry Monkey Design, as depicted in the CoD:Ghosts' "Customize Appearance" menu. In its description of the CoD:Ghosts Promotional Video, Activision asks potential consumers if they are "ready for the next generation of Call of Duty multiplayer," and instructs them to "Pre-order [CoD:Ghosts] now."

31.  On information and belief, Defendants assigned particular prominence and importance to the CoD Angry Monkey Design, in that it is one of fewer than five patch designs featured in Activision's CoD:Ghosts Promotional Video.

32.  On information and belief, the CoD:Ghosts Promotional Video has been viewed by consumers and potential consumers more than 8,500,000 times since it was initially posted to Youtube.com by Activision.

33.  Defendants' use of the CoD Angry Monkey Design in CoD:Ghosts and in the CoD:Ghosts Promotional Video has created and is likely to continue to create consumer confusion as to the source, affiliation, or sponsorship of the CoD Angry Monkey Design featured in the CoD:Ghosts video game.

34.  Defendants deliberately and willfully used and continue to use the CoD Angry Monkey Design so as to cause confusion or mistake or to deceive consumers.

//

## COUNT I

## Copyright Infringement

### (17 U.S.C. § 501, *et seq.*)

35. MSM adopts and incorporates by reference the allegations contained in Paragraphs 1 through 34 of this Complaint as though set forth fully herein.

36. By the acts alleged herein, Defendants have engaged in copyright infringement under the Copyright Act, 17 U.S.C § 501.

37. MSM's Angry Monkey Design contains a substantial amount of original material that constitutes copyrightable subject matter pursuant to 17 U.S.C. § 102(a) and which is protected under the Copyright Act.

38. MSM has at all times complied in all respects with the Copyright Act of 1976 and all other laws of the United States with regard to MSM's copyrights in its Angry Monkey Design.

39. MSM's Angry Monkey Design is the subject of United States Copyright Application No. 1-1448675911, filed with the United States Copyright Registrar on May 20, 2014, a copy of which is attached hereto as **Exhibit A**.

40. MSM is the legal and exclusive owner of all copyrights in MSM's Angry Monkey Design, including the exclusive right to reproduce, to prepare derivative works from, and to distribute MSM's Angry Monkey Design.

41. Defendants have reproduced MSM's Angry Monkey Design and/or its original, constituent elements, created derivative works from MSM's Angry Monkey Design, and used said reproductions and derivative works in Defendants' promotional materials for CoD:Ghosts, including the CoD:Ghosts Promotional Video, all without MSM's authorization or consent.

42. Defendants' actions constitute infringement of MSM's copyrights in its Angry Monkey Design under the Copyright Act.

43. Defendants have knowingly, willfully, and deliberately infringed MSM's copyrights in its Angry Monkey Design.

44. By reason of Defendants' infringing actions, MSM is entitled to recover actual damages and all profits received or otherwise obtained, directly or indirectly, by Defendants from infringement of MSM's copyrights in its Angry Monkey Design in connection with the promotion, advertisement, distribution, and/or sales of the CoD:Ghosts video game, or, in the alternative, statutory damages as provided for in 17 U.S.C. § 504(c).

45. As a result of the willful nature of Defendants' foregoing actions, MSM is entitled to enhanced statutory damages as provided for in 17 U.S.C. § 504(c)(2).

46. By reason of Defendants' infringing actions, MSM is entitled to an injunction as provided for in 17 U.S.C. § 502(a).

47. By reason of Defendants' infringing actions, MSM also is entitled to recover her costs and attorneys' fees incurred in this action as provided for in 17 U.S.C. § 505.

## COUNT II

### Infringement of Registered U.S. Trademark

### (15 U.S.C. § 1114)

48. MSM adopts and incorporates by reference the allegations contained in Paragraphs 1 through 47 of this Complaint as though set forth fully herein.

49. By the acts alleged herein, Defendants have engaged in trademark infringement under the Lanham Act, 15 U.S.C § 1114.

50. On October 19, 2009, MSM filed an application with the USPTO to register its Angry Monkey Mark and, since that date, Defendants have had notice of MSM's ownership and its priority of use of its Angry Monkey Mark in connection with its goods and services.

51. On May 17, 2011, MSM's Angry Monkey Mark was officially registered with the USPTO for use in connection with any "[o]n-line retailer store featuring clothing, namely, patches, t-shirts, hats, bags and pouches and tactical gear."

52. Accordingly, MSM is the sole and exclusive owner of all right, title and interest in and to its valid and enforceable Angry Monkey Mark, including all rights under U.S. Trademark Registration No. 3,962,658. A copy of MSM's Certificate of Registration for its Angry Monkey Mark (U.S. Trademark Registration No. 3,962,658) is attached hereto

as **Exhibit B**.

53. MSM's registration of its Angry Monkey Mark on the USPTO's principal register is prima facie evidence that MSM has the exclusive right to use its Angry Monkey Mark in and throughout the United States.

54. Prior to Defendants' adoption and use of the CoD Angry Monkey Design, Defendants had at least constructive notice and knowledge of MSM's ownership and registration of the Angry Monkey Mark.

55. Defendants, in an attempt to trade on the goodwill and reputation established by MSM under its Angry Monkey Mark, deliberately and willfully used and continue to use the CoD Angry Monkey Design so as to cause confusion or mistake or to deceive consumers. MSM has not consented to Defendants' use of the CoD Angry Monkey Design.

56. The goods and services with which Defendants have used and are using the CoD Angry Monkey Design, substantially similar to the goods and services offered by MSM in connection with its Angry Monkey Mark, including the particular services for which MSM has registered its Angry Monkey Mark with the USPTO. Specifically, Defendants have used and are using the CoD Angry Monkey Design to sell morale patches through Defendants' online store accessible to all players of the CoD:Ghosts video game.

57. Defendants' unauthorized use of the CoD Angry Monkey Design falsely indicates to consumers, and has caused consumers to mistakenly believe, that Defendants' CoD:Ghosts video game and/or the CoD Angry Monkey Design featured therein is in some manner connected with, sponsored by, affiliated with, related to, or approved by MSM.

58. The aforementioned acts of Defendants constitute federal trademark infringement in violation of 15 U.S.C. § 1114 and, therefore, MSM is entitled to monetary damages for such infringement, in an amount to be determined at trial.

59. Defendants' acts of infringement have been and continue to be deliberate, willful and wanton, making this case exceptional within the meaning of 15 U.S.C. § 1117.

60. MSM has been, is now, and will be irreparably harmed by Defendants'

infringement and, unless enjoined by the Court pursuant to 15 U.S.C. § 1116, Defendants will continue to infringe the MSM's Angry Monkey Mark. There is no adequate remedy at law for the harm caused by the acts of infringement alleged herein.

## COUNT III

### False Designation of Origin

### (15 U.S.C. § 1125(a))

61. MSM adopts and incorporates by reference the allegations contained in Paragraphs 1 through 60 of this Complaint as though set forth fully herein.

62. By the acts alleged herein, Defendants have falsely designated MSM as the origin of certain goods and services in violation of the Lanham Act 15 U.S.C. § 1125(a).

63. As a result of MSM's extensive use and promotion of its Angry Monkey Mark, such mark enjoys considerable goodwill, widespread recognition, and secondary meaning in commerce, and has become associated with MSM as its single source of origin.

64. Defendants' unauthorized use of the CoD Angry Monkey Design falsely suggests that the patches provided in the CoD:Ghosts video game are in some manner connected with, sponsored by, affiliated with, related to, or approved by MSM.

65. Defendants' unauthorized use of the CoD Angry Monkey Design as alleged herein violates Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

66. The intentional nature of Defendants' acts makes this case exceptional under 15 U.S.C. § 1117(a).

67. MSM has been, is now, and will be harmed by Defendants' false designation of origin and, unless enjoined by the Court pursuant to 15 U.S.C. § 1116, Defendants will continue to falsely suggest that Defendants' CoD:Ghosts video game and/or the patches featured therein are in some manner connected with, sponsored by, affiliated with, related to, or approved by MSM, thereby diluting the value of MSM's Angry Monkey Mark. There is no adequate remedy at law for the harm caused to MSM by the acts of Defendants alleged herein.

//

# COUNT IV

## California Unfair Competition

### (Cal. Bus. Prof. Code § 17200, *et seq*.)

68. MSM adopts and incorporates by reference the allegations contained in Paragraphs 1 through 67 of this Complaint as though set forth fully herein.

69. By the acts alleged herein, Defendants have violated California Business and Professions Code § 17200, *et seq*.

70. As a result of MSM's extensive use and promotion of its Angry Monkey Mark, such mark enjoys considerable goodwill, widespread recognition, and secondary meaning in commerce, and has become associated with MSM as its single source of origin.

71. Defendants' unauthorized use of the CoD Angry Monkey Design in connection with the CoD:Ghosts video game and in related advertising and promotional materials falsely suggests that Defendants' CoD:Ghosts video game and/or the patches featured therein are in some manner connected with, sponsored by, affiliated with, related to, or approved by MSM.

72. Defendants' conduct constitutes unfair, unlawful, and fraudulent business practices and unfair, deceptive, and misleading advertising in violation of California Business and Professions Code § 17200, *et seq*.

73. On information and belief, MSM has sustained injury, loss, and damage as a direct, proximate and foreseeable result of Defendants' unlawful acts and practices alleged herein in the form of lost profits, revenues, and loss of and/or harm to goodwill.

74. MSM is entitled to restitution, including disgorgement of profits, for Defendants' unfair competition with MSM, in an amount to be proven at trial.

75. MSM has been, is now, and will be irreparably harmed by Defendants' acts of unfair competition with MSM and, unless enjoined by the Court, Defendants will continue to unfairly compete with MSM. There is no adequate remedy at law for the harm caused by the acts of Defendants as alleged herein.

//

## COUNT V

### Trademark Infringement

### (California Common Law)

76. MSM adopts and incorporates by reference the allegations contained in Paragraphs 1 through 75 of this Complaint as though set forth fully herein.

77. By the acts alleged herein, Defendants have infringed MSM's rights in the Angry Monkey Mark under the common law of the State of California.

78. Through MSM's extensive, continuous and exclusive use of its Angry Monkey Mark, in connection with its goods and services since at least as early as August 8, 2006, consumers and prospective consumers have come to associate the Angry Monkey Mark with MSM and MSM's goods and services.

79. MSM has thereby established a strong reputation among consumers for the quality of its goods and services and has engendered substantial goodwill in its Angry Monkey Design.

80. As a result, MSM holds the exclusive right, under the common law of the State of California, to use the Angry Monkey Mark in connection with its goods and services, and the right to prevent others from using marks or designs that are likely to confuse consumers or that threaten to dilute the strength of its Angry Monkey Mark.

81. Defendants' unauthorized use of the CoD Angry Monkey Design falsely indicates to consumers, and has caused consumers to mistakenly believe, that Defendants' CoD:Ghosts video game and/or the CoD Angry Monkey Design featured therein is in some manner connected with, sponsored by, affiliated with, related to, or approved by MSM.

82. The foregoing acts of Defendants constitute trademark infringement under the common law of the State of California.

83. Defendants have been unjustly enriched by reason of their infringement of MSM's rights in its Angry Monkey Design under the common law of the State of California, and therefore MSM is entitled to monetary damages for Defendants' infringement, in an

amount to be proved at trial.

84. MSM has been, is now, and will be irreparably harmed by Defendants' infringing acts and, unless enjoined by the Court, Defendants will continue to infringe MSM's rights in its Angry Monkey Mark. There is no adequate remedy at law for the harm caused by the acts of infringement alleged herein.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff MIL-SPEC MONKEY, INC. requests judgment as follows:

a.) **Count I: Copyright Infringement (17 U.S.C. § 501, *et seq.*)**

(1) An order finding that Defendants have infringed MSM's copyrights in its Angry Monkey Design under 17 U.S.C. § 501;

(2) An order permanently enjoining Defendants, from continued acts and further acts of infringement of MSM's copyrights in its Angry Monkey Design, pursuant to 17 U.S.C. § 502;

(3) An order compelling Defendants to pay to MSM all profits derived from Defendants' infringement of MSM's copyrights in its Angry Monkey Design together with MSM's actual damages resulting from Defendants' infringement of MSM's copyrights in its Angry Monkey Design in an amount to be proven at trial, or, in the alternative, statutory damages for Defendants' infringement of MSM's copyrights in its Angry Monkey Design, pursuant to 17 U.S.C. § 504;

(4) An order compelling Defendants to account to MSM for all monies derived from Defendants' infringement of MSM's copyrights in its Angry Monkey Design and imposing a constructive trust on all such monies;

(5) An order compelling Defendants to pay MSM its full costs and attorneys' fees, pursuant to 17 U.S.C. § 505;

b.) **Count II: Trademark Infringement (15 U.S.C. § 1114)**

(1) An order finding that Defendants have infringed MSM's rights in its Angry Monkey Mark as a registered trademark under 15 U.S.C. § 1114;

Complaint for Damages and Injunctive Relief
and Demand for Jury Trial                                        -14-

  (2) An order permanently enjoining Defendants from further activities that would infringe or dilute MSM's rights in its Angry Monkey Mark, pursuant to 15 U.S.C. § 1116;

  (3) An order compelling Defendants to pay to MSM all profits derived from Defendants' infringement of MSM's rights in its Angry Monkey Mark, together with MSM's actual damages resulting from Defendants' infringement of MSM's rights in its Angry Monkey Mark in an amount to be proven at trial, and MSM's costs incurred in pursuing this action, pursuant to 15 U.S.C. § 1117(a);

  (4) An order finding Defendants' infringement of MSM's rights in its Angry Monkey Mark to be malicious, fraudulent, deliberate, or willful, making this action an exceptional case within the meaning of 15 U.S.C. § 1117(a), and therefore compelling Defendants to pay MSM its reasonable attorneys' fees incurred in pursuing this action;

c.) **Count III: False Designation of Origin (15 U.S.C. § 1125(a))**

  (1) An order finding that Defendants unauthorized use of the CoD Angry Monkey Design falsely suggests that the patches provided in the CoD:Ghosts video game are in some manner connected with, sponsored by, affiliated with, related to, or approved by MSM;

  (2) An order permanently enjoining Defendants from falsely suggesting that any of Defendants' goods or services are connected with, sponsored by, affiliated with, related to, or approved by MSM under 15 U.S.C. § 1116;

  (3) An order compelling Defendants to pay to MSM all profits derived from Defendants' false suggestion that the patches provided in the CoD:Ghosts video game are in some manner connected with, sponsored by, affiliated with, related to, or approved by MSM, together with MSM's actual damages resulting therefrom, in an amount to be proven at trial, and MSM's costs incurred in pursuing this action, pursuant to 15 U.S.C. §

    1117(a);

    (4) An order finding Defendants' false suggestion that the patches provided in the CoD:Ghosts video game are in some manner connected with, sponsored by, affiliated with, related to, or approved by MSM to be malicious, fraudulent, deliberate, or willful, making this action an exceptional case within the meaning of 15 U.S.C. § 1117(a), and therefore compelling Defendants to pay MSM its reasonable attorneys' fees incurred in pursuing this action;

d.) **Count IV: Unfair Competition (Cal. Bus. Prof. Code § 17200, *et seq.*)**

    (1) An order finding that Defendants have engaged in unfair competition with respect to Defendants' use of the CoD Angry Monkey Design under Cal. Bus. Prof. Code § 17200, *et seq.*;

    (2) An order permanently enjoining Defendants from engaging in further unfair or wrongful business practices, pursuant to Cal. Bus. & Prof. Code § 17203;

    (3) An order appointing a receiver to restore to MSM any money or property acquired by Defendants by means of unfair competition, pursuant to Cal. Bus. & Prof. Code § 17203;

    (4) An order finding that Defendants' acts of unfair competition were malicious, fraudulent, or oppressive, and ordering Defendants to pay punitive damages to MSM, pursuant to Cal. Civ. Code § 3294;

e.) **Count V: Trademark Infringement (California Common Law)**

    (1) An order finding that Defendants have infringed MSM's rights in its Angry Monkey Mark under the common law of the State of California;

    (2) An order permanently enjoining Defendants from engaging in further acts of infringement of MSM's rights in its Angry Monkey Mark under the common law of the State of California;

    (3) An order compelling Defendants to pay to MSM all actual damages

suffered by MSM as a result of Defendants' infringement of MSM's rights in its Angry Monkey Mark under the common law of the State of California, pursuant to Cal. Civ. Code § 3281, *et seq.*;

(4) An order finding that Defendants' infringement of MSM's rights in its Angry Monkey Mark was malicious, fraudulent, or oppressive, and ordering Defendants to pay punitive damages to MSM, pursuant to Cal. Civ. Code § 3294;

f.) An order compelling Defendants to pay MSM its prejudgment and post judgment interest with respect to any damages or other monetary relief awarded to MSM; and

g.) An order awarding MSM such other and further relief as this Court may deem just and equitable under the circumstances.

DATED: May 21, 2014

HOGE, FENTON, JONES & APPEL, INC.

By  /S/ Daniel W. Ballesteros
Daniel W. Ballesteros
Attorneys for Plaintiff
MIL-SPEC MONKEY, INC.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff MSM demands a jury trial.

DATED: May 21, 2014

HOGE, FENTON, JONES & APPEL, INC.

By /S/ Daniel W. Ballesteros
Daniel W. Ballesteros
Attorneys for Plaintiff
MIL-SPEC MONKEY, INC.